IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMY BARNES,                                    )
                                               )
Plaintiff                                      )
                                               )
v.                                             )
                                               )
COBB COUNTY, GEORGIA,                          )
OFFICERS BRIAN SCURR, and                      )
DIPA PATEL, in their individual capacity,      )
                                               )
Defendants.                                    )
_____)

## COMPLAINT

Plaintiff Amy Barnes (hereinafter "Ms. Barnes") hereby brings this Complaint seeking damages and declaratory and injunctive relief for the violations of her First and Fourth Amendment rights under the United States Constitution and corollary rights under the Georgia Constitution, and for her false imprisonment, false arrest, malicious prosecution and harassment by Cobb County Police after her lawful political protest speech in which she said the words "Fuck the Police!  Cobb Police Suck!" while riding a bicycle along a public street.  Criminal charges against Ms. Barnes for disorderly conduct were dismissed after a five-hour bench trial.

## JURISDICTION AND VENUE

1.

This action arises under the authority vested in this Court by virtue of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367 (pendant jurisdiction).  Venue is proper in this Court.

## PARTIES AND SERVICE

2.

Plaintiff, Amy Barnes, is a resident of the County of Cobb, Georgia, who was unlawfully arrested for protesting via loud speech while riding a bicycle along a public street.

3.

Defendant Cobb County is a county chartered under the laws of the State of Georgia, and is subject to the jurisdiction and venue of this Court.  Service of Process may be effected upon Tim Lee, Chairman of the Board of Commissioners of Cobb County or County Attorney Deborah Dance.  If Defendant Cobb County does not acknowledge service, service may be perfected as allowed by law.

4.

Defendant Dipa Patel was at all times herein mentioned a police officer of Cobb County Police Department.  In that capacity she was acting under color of state law during the relevant acts and omissions alleged herein.  She is being sued herein in her individual capacity.   Service of the Summons and Complaint may be

acknowledged.  If Defendant Patel does not agree to acknowledge service, service may be perfected as allowed by law.

5.

Defendant Brian Scurr was at all times herein mentioned a police officer of Cobb County Police Department.  In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein.  He is being sued herein in her individual capacity.   Service of the Summons and Complaint may be acknowledged.  If Defendant Scurr does not agree to acknowledge service, service may be perfected as allowed by law.

**FACTUAL ALLEGATIONS**

6.

Ms. Barnes is a longtime resident of Cobb County (hereinafter "the County").

7.

Ms. Barnes is also a political activist, and she has sought to expose and demand remedies to what she perceives to be misuse of public resources and police abuse within the County, and to heighten public awareness of what she believes is the County's failure to address and remedy important social issues.

3

8.

Ms. Barnes has called for citizens to take a stand against police brutality and abuse of authority through nonviolent means by giving public speeches and participating in public protests.

9.

Ms. Barnes has been angered by what she believes is a systemic campaign by law enforcement and the County to drive the poor and minorities out of the County by way of harassment from police and other county officials.

10.

On Easter Sunday, April 8th, 2012, Ms. Barnes left her house on a bicycle to buy butter she needed to finish making dinner for her family.

11.

Ms. Barnes spotted two Cobb County Police Officers confronting an African American man in the parking lot of the Stop & Shop Food Mart, located at 2097 Austell Road SW, near the Pat Mell Road W and Austell Road SW intersection.

12.

The public street and open public areas of property within view of the general public constitute a "public forum" within the meanings of the United States and Georgia Constitutions.

13.

Ms. Barnes continued to ride her bicycle without stopping. She was approximately 40 feet away from the officers. As Ms. Barnes traveled past the scene, she shouted "Fuck the police! Cobb Police suck!" and raised a middle finger in vehement protest.

14.

Ms. Barnes' brief public speech occurred approximately forty feet away from Defendants Scurr and Patel who were in a private parking lot.

15.

A video recording taken from a camera in Officer Scurr's patrol car (hereinafter "Video") shows several bystanders standing at the intersection of Pat Mell Road W and Austell Road SW intersection at the time of Ms. Barnes' protest. See Video, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A.

16.

The Video does not clearly show whether young children were present, as alleged at Ms. Barnes' trial by Defendants Scurr and Patel.

17.

During and after Ms. Barnes' fleeting utterances, no citizen objected to or became violently aroused by Ms. Barnes' usage of profanity.

18.

Ms. Barnes did not interrupt or disrupt the police from performing any duties. Rather, her choice of the words "fuck" and "suck" were more emotive than cognitive in that the two words were meant to communicate her frustration, grief, and anger with civil rights violations conducted by police.

19.

Within seconds of hearing Ms. Barnes' protest speech, Officers Brian Scurr and Dipa Patel dropped their investigation and set out to arrest Ms. Barnes specifically for the unwelcome content and viewpoint of her speech.

20.

Ms. Barnes meanwhile continued to peaceably ride her bicycle northbound on her journey to get more butter, traveling through the intersection of Pat Mell Road and Austell Road and passing a residence.

21.

After Ms. Barnes traveled approximately 500 to 600 feet, or approximately a tenth of a mile, Defendants Scurr and Patel pursued Ms. Barnes from behind in their patrol cars and boxed Ms. Barnes in between two residential driveways to effectuate an arrest.

22.

Officer Scurr jumped out of his still-running car and, with unreasonable force, grabbed Ms. Barnes and then ordered her off of her bicycle.  Ms. Barnes was arrested for engaging in disorderly conduct and the use of abusive words pursuant to O.C.G.A. § 16-11-39(a), which makes it a crime for an individual to "[w]ithout provocation, use[] to or of another person in such other person´s presence, opprobrious or abusive words which by their very utterance tend to incite to an immediate breach of the peace."

23.

Defendants Scurr and Patel were aware of O.C.G.A. § 16-11-39 and, upon information and belief, were instructed by high ranking final policymakers for Cobb County that the law could be used against citizens cursing in public.

24.

A citation was not issued, but instead the officers arrested Ms. Barnes.  During the arrest, Ms. Barnes informed Defendants Scurr and Patel of her First Amendment right to free speech.  After Ms. Barnes' comment about her rights, Defendant Scurr lectured Ms. Barnes on cursing and presenting a lewd gesture in front of children and continued with the arrest and detention of Ms. Barnes.

25.

According to the Incident / Investigation Report (hereinafter "Incident Report"), the arresting officer was Defendant Scurr and the assisting officer was Defendant Patel.  See Incident Report, a true and correct copy of which is attached hereto and incorporated herein as Exhibit B.

26.

According to Defendant Scurr's narrative of the incident as stated in the Incident Report, Ms. Barnes "approached" Defendants on her bicycle.  This is false, as the Video clearly shows Ms. Barnes merely passing by the scene at a fast rate of speed.  See Video.

27.

Defendant Patel searched Ms. Barnes and Ms. Barnes was placed in the back of a police car by the officers. Defendants Scurr and Patel jointly searched through Ms. Barnes' belongings and can be seen smiling and laughing in the video.  Id.

28.

Defendant Scurr drove the patrol car to Ms. Barnes' residence, located at 886 Wanda Circle SW, Marietta, Georgia, 30008.  Ms. Barnes stated for Defendants Scurr and Patel to not knock on the door, and requested that her bicycle simply be dropped off.  Instead, Defendants Scurr and Patel knocked on the door and

announced themselves as "Cobb County Police" and announced that they had Ms. Barnes in custody.

29.

Mr. John Galczynski opened the door and stepped outside the residence. Defendants Scurr and Patel can be heard on the video stating that they had Ms. Barnes in custody for cursing and raising the middle finger, and requested personally identifying information from Mr. Galczynski.  See Video.

30.

A short while later, Defendant Scurr drove Ms. Barnes to the Cobb County Adult Detention Center where Ms. Barnes was then searched by an unknown female Sheriff's deputy and was made to change into blue-colored jail clothing.

31.

Ms. Barnes was held overnight in a transitional section designated to hold detainees for three days prior to placement in a longer-term holding section.

32.

It was discovered during the initial court appearance that Ms. Barnes has hearing loss.  Ms. Barnes requested accommodation in the form of having a deputy repeat what the judge was saying as Ms. Barnes could not read the judge's lips during the hearing, which was conducted remotely over closed-circuit television.

33.

After the initial court appearance, an unknown female Sheriff's deputy explained that Ms. Barnes' hearing loss was being accommodated through a change in location to a specially-designated solitary confinement section for medically needy and disabled detainees.

34.

Ms. Barnes had no difficulty with socializing with other detainees or with adhering to the commands and requests of the deputies.  Ms. Barnes believes that, shortly after she explained her case to other detainees, jail staff had decided to punish her for being outspoken about her case.

35.

A short time after being placed in solitary confinement, Ms. Barnes was inexplicably issued orange-colored clothing normally designated for people charged with one or more felonies. Ms. Barnes subsequently learned that she would not be allowed to move freely outside of her cell for 23 hours per day and showers were to be closely supervised by a female guard.

36.

Ms. Barnes was interviewed by Pretrial Release staff and was eventually released after spending several hours in solitary confinement.

37.

Ms. Barnes was held illegally for approximately 23 hours.

38.

The search and arrest of Ms. Barnes was without arguable probable cause or arguable reasonable suspicion of any criminal activity and was intended to chill her speech and serve as retaliation for her negative comments.

40.

Defendants Scurr and Patel knew or reasonably should have known at the time of the arrest that clearly established law dictated that charging Ms. Barnes for violating O.C.G.A. § 16-11-39 constituted an unconstitutional violation of her right to free speech as guaranteed by the First Amendment to the United States Constitution.

41.

A news reporter later quoted an unknown spokesman for the Cobb County Police Department, stating that the police "routinely" charge people for Disorderly Conduct for cursing in public.  If true, discovery will show that this constitutes a custom of Defendant Cobb County.

42.

Under Monell v. Dept. of Soc. Serv., 436 U.S. 658 (1978),  Defendant Cobb County may be held liable for the unconstitutional acts of Defendants Scurr and

Patel, as the unconstitutional "policy" or "custom" adopted by the police department for routinely arresting people for cursing in public speech was a substantial or motivating cause behind Ms. Barnes' injuries.

43.

As a result of the outrageous and unlawful conduct by Defendants alleged herein and the enforcement of a law in an unconstitutional manner, Ms. Barnes suffered – and still continues to suffer – emotional distress.

44.

Although Ms. Barnes feels it is her duty to remain active with County issues, she also feels fearful and unsafe in exercising her constitutionally protected rights to free speech and to protest.

45.

Numerous citizens of Marietta and the surrounding areas of Cobb County have ridiculed Ms. Barnes for her arrest.  One citizen posted a Facebook comment saying that Ms. Barnes should be killed.

46.

Defendants caused criminal charges to be filed against Ms. Barnes in retaliation for her vocal protest and criticism of Cobb County Police Department.

47.

Ms. Barnes was ordered to make several court appearances in Cobb County State Court throughout the year of 2012 and the first quarter of 2013.

48.

Ms. Barnes' second assigned public defender, Rick Christian, attempted to convince County Solicitors to dismiss the charges, explaining the obvious violation of Ms. Barnes' right to free speech.

49.

Yet, despite the clear unconstitutionality of the application of the Disorderly Conduct statute, the County Assistant Solicitor assigned to Ms. Barnes' case, Annette Pedigo, adamantly refused to dismiss the charge of Disorderly Conduct.

50.

On October 12, 2012, Ms. Barnes retained Cynthia Counts to represent her. After receiving notice of Ms. Barnes' decision to retain private counsel, Cobb County Assistant Solicitor Annette Pedigo filed in the Cobb County State Court an amended accusation that asserted four Disorderly Conduct charges against Ms. Barnes – (1) one violation of O.C.G.A. § 16-11-39(a)(1), (2) one violation of O.C.G.A. § 16-11-39(a)(3), (3) one violation of O.C.G.A. § 16-11-39(a)(4), and (4) one violation of Cobb County Ord. 86-2(g).

51.

On February 21, 2013, Ms. Barnes sent a letter to Cobb County Assistant Solicitor Annette Pedigo explaining in detail why the Amended Accusation violated her constitutional rights, but Ms. Pedigo continued to prosecute Ms. Barnes.  A true and correct copy of the letter to Ms. Pedigo is attached hereto and incorporated herein as Exhibit C.

52.

Barry Morgan, the Solicitor General of Cobb County during the course of Ms. Barnes' trial, was ultimately approached and was presented with the facts of the case and the legal arguments regarding the unconstitutionality of the application of the Disorderly Conduct statute to Ms. Barnes' fleeting protest speech.  The case against Ms. Barnes was still pursued all the way to a bench trial.

53.

On April 3rd, 2013, nearly a year after Ms. Barnes' arrest, Annette Pedigo agreed to drop three of the charges and pursue only one charge of Disorderly Conduct.

54.

Later that day, after a five-hour bench trial, the Honorable Melodie Clayton signed an order dismissing the remaining charge of Disorderly Conduct on grounds

that because Ms. Barnes' remarks did not constitute "fighting words," she did not violate the disorderly conduct statute.

55.

On February 25, 2013, Ms. Barnes provided Defendant Cobb County with timely ante litem notice pursuant to O.C.G.A. § 36-11-1.

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF THE FIRST AMENDMENT PURSUANT TO 42 U.S.C. § 1983 (Statute is unconstitutional as-applied to Ms. Barnes)

56.

The allegations of paragraphs 1 through 55 are incorporated into the First Claim for Relief as though fully set forth herein.

57.

O.C.G.A. § 16-11-39(a)(3) prohibits the use of "fighting words," or "opprobrious or abusive words which by their very utterance tend to incite to an immediate breach of the peace."

58.

Because Ms. Barnes' use of a single profanity in this instance did not arguably rise to the level of "fighting words," application of the statute to her speech violated clear First Amendment rights.

59.

The fact that the statute, as-applied to Ms. Barnes, violated the First Amendment was clearly established law of which a reasonable law enforcement officer would have known.  Indeed, the United States Supreme Court has held that under the First and Fourteenth Amendments, the government may not criminalize the "simple" utterance of a "single… expletive."  Cohen v. California, 403 U.S. 15, 26 (1971).

60.

In violating Ms. Barnes' rights under the First Amendment, Defendants Scurr and Patel directly and proximately caused her to suffer unlawful arrest, detention, search of her person, anguish, embarrassment, and humiliation.

61.

Defendant Cobb County may be held liable for the violation of Ms. Barnes' First Amendment rights pursuant to Monell v. Department of Social Services, 436

U.S. 658 (1978).  Monell holds that a municipality can be sued for damages under

42 U.S.C. 1983 when "the action that is alleged to be unconstitutional implements

or executes a policy statement, *ordinance*, regulation or decision officially adopted

by that body's officers."  Id. at 659 (emphasis added).

62.

Defendant Cobb County and its officers had a policy of arresting individuals

under the disorderly conduct statute for cursing.  This policy was subsequently

implemented as the sole basis for Ms. Barnes's unlawful seizure, arrest,

imprisonment, and prosecution.

**COUNT TWO**

**VIOLATION OF THE FIRST AMENDMENT PURSUANT TO
42 U.S.C. § 1983 (Retaliation)**

63.

The allegations of paragraphs 1 through 62 are incorporated into the Second

Claim for Relief as though fully set forth herein.

64.

On April 8th, 2012, Defendants Scurr and Patel actively initiated and

procured the arrest and prosecution of Ms. Barnes in a criminal action in retaliation

for her vocal protest and criticism of the County and its law enforcement.

17

65.

Defendants Patel and Scurr acted without even arguable probable cause in initiating and procuring the arrest of Ms. Barnes.

66.

Defendants Patel and Scurr acted with malice in initiating and procuring the arrest of Ms. Barnes.

67.

Defendants Patel and Scurr's retaliatory acts violated Ms. Barnes' rights under the First Amendment of the United States Constitution.

68.

In violating Ms. Barnes' rights under the First Amendment to the United States Constitution, Defendants Patel and Scurr directly and proximately caused her to suffer unlawful arrest, detention, search of her person, anguish, embarrassment and humiliation.

69.

Defendant Cobb County may be held liable for the unconstitutional retaliation against Ms. Barnes pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978) because Defendant Cobb County and its officers had a policy of arresting individuals under the disorderly conduct statute in retaliation

for the use of profanity.  This policy was subsequently implemented as the sole basis for Ms. Barnes's unlawful seizure, arrest, imprisonment, and prosecution.

## COUNT THREE

## VIOLATION OF THE FOURTH AMENDMENT PURSUANT TO  42 U.S.C. § 1983

70.

The allegations of paragraphs 1 through 69 are incorporated into the Third Claim for Relief as though fully set forth herein.

71.

Defendants Scurr and Patel violated Ms. Barnes' Fourth Amendment right to be free of unlawful search and seizure of the person by grabbing her arm and bicycle to pull her off of her bicycle and by arresting her without even arguable probable cause to believe that she had committed a crime.

72.

That there can be no arguable probable cause to arrest for a nonexistent crime was clearly established law of which a reasonable law enforcement officer would have known.  That the reported crime was nonexistent follows from the fact that the application of the Disorderly Conduct statute to Ms. Barnes' lawful conduct is unconstitutional.

73.

Ms. Barnes' arrest was objectively unreasonable.

74.

In violating Ms. Barnes' rights under the Fourth Amendment to the United States Constitution, Defendants Scurr and Patel directly and proximately caused Ms. Barnes to suffer unlawful arrest, detention, anguish, embarrassment and humiliation.

75.

The overwhelming majority of minor code violations are dealt with by citation and not by arrest.  The fact that Defendants Officers Scurr and Patel used the most extreme measure – an unlawful detention of Ms. Barnes' liberty – for such a minor action on the part of Ms. Barnes shows the true motivation of the named Defendants in this action.

76.

Defendant Cobb County can be held liable for the violation of Ms. Barnes' right to be free of unlawful seizure of her person pursuant to Monell v. Dept. of Soc. Serv., 436 U.S. 658 (1978) because it adopted a "policy" of unlawfully seizing and arresting individuals under the disorderly conduct statute simply for cursing.

**COUNT FOUR**

**FALSE IMPRISONMENT**

77.

The allegations of paragraphs 1 through 76 are incorporated into the Fifth Claim for Relief as though fully set forth herein.

78.

Defendants Scurr and Patel detained Ms. Barnes when they deprived her of her liberty by grabbing her arm and bicycle, pulling her off of her bicycle, arresting her, and securing her in the back of a police car against her will without even arguable probable cause to believe that she had committed a crime.

79.

The detention of Ms. Barnes was unlawful because it occurred pursuant to a statute that, as-applied to Ms. Barnes, is unconstitutional.

80.

Defendants Officers Scurr and Patel therefore falsely imprisoned Ms. Barnes in violation of O.C.GA. § 16-5-41.

**COUNT SIX**

**FALSE ARREST**

81.

The allegations of paragraphs 1 through 80 are incorporated into the Sixth Claim for Relief as though fully set forth herein.

82.

Defendants Scurr and Patel detained Ms. Barnes when they deprived her of her liberty by grabbing her arm and bicycle, pulling her off of her bicycle, arresting her, and securing her in the back of a police car against her will without even arguable probable cause to believe that she had committed a crime.

83.

The arrest of Ms. Barnes was malicious because it was effectuated in direct retaliation for her exercise of her First Amendment right to free speech and in reckless disregard of her constitutional rights.

84.

By maliciously arresting Ms. Barnes under process of law, without probable cause, Defendants Officers Scurr and Patel falsely arrested Ms. Barnes in violation of O.C.GA. § 51-7-1.

**COUNT SEVEN**

## **MALICIOUS PROSECUTION**

### 85.

The allegations of paragraphs 1 through 84 are incorporated into the Sixth Claim for Relief as though fully set forth herein.

### 86.

Defendant Cobb County, by and through its agents, prosecuted Ms. Barnes pursuant to a valid accusation for violating O.C.G.A. § 16-11-39(a)(3).

### 87.

Defendant Cobb County, by and through its agents, further prosecuted Ms. Barnes by levying three more criminal charges against Ms. Barnes after she retained private counsel, raising the total charges from one count of Disorderly Conduct to four.

### 88.

Said prosecution was done with malice and without probable cause.

### 89.

Defendant Cobb County, by and through its agents, continued to prosecute Ms. Barnes despite being presented with the facts and the law, which clearly showed that the statute and ordinance were unconstitutional as applied to her speech and thus could not constitute a valid basis for prosecution.

90.

Ultimately, the prosecution against Ms. Barnes was terminated in her favor.

91.

Defendant Cobb County, by and through its agents, thereby maliciously prosecuted Ms. Barnes in violation of O.C.G.A. § 51-7-44.

## PRAYERS FOR RELIEF

WHEREFORE, on the basis of the foregoing, Plaintiff prays that this Court:

(1) Enter an award of economic, compensatory, general, and special damages in an amount to be determined by the enlightened conscience of the jury against Defendants;

(2) Enter a preliminary and permanent injunction against Defendants, their officers, agents, successors, employees, attorneys, and those acting in concert with them, from any future, non-pending arrest or prosecution under the unconstitutional application of Georgia's Disorderly Conduct statute, O.C.G.A. § 16-11-39, to individuals who utter profanity that does not rise to the level of "fighting words";

(3) Award Ms. Barnes punitive damages in the amount to be determined by the enlightened conscience of the jury against the individual Defendants;

(4) Grant to Ms. Barnes a jury trial on all issues so Triable;

(5) Award to Ms. Barnes the costs of the action and reasonable attorneys' fees, as provided by 42 U.S.C. § 1988 and federal and state law; and

(6) Grant any and all additional relief as this Court deems proper and just.

DATED: This 31st day of March, 2014.

By:    __/s/ Cynthia L. Counts____
Cynthia L. Counts
Georgia Bar No. 190280

Counts Law Group
400 Colony Square, Suite 200
1201 Peachtree Street, NE
Atlanta, Georgia 30361
Telephone: (404) 685-8271
Facsimile: (404) 521-0413
Email: ccounts@lawcounts.com

_____/s/ Gerald Weber____
Gerald Weber
Georgia Bar No. 744878

Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107
Phone: (404) 522-0507