UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMY BARNES,                          *
                                     *
            Plaintiff,               *
                                     *
v.                                   *         CIVIL ACTION
                                     *           FILE NO. 1:14-cv-00948-TWT
COBB COUNTY, GEORGIA,                *
OFFICERS BRIAN SCURR, and            *
DIPA PATEL, in their individual      *
capacity,                            *
                                     *
            Defendants.              *

## ANSWER OF COBB COUNTY, BRIAN SCURR AND DIPA PATEL

COME NOW Defendants Cobb County, Brian Scurr and Dipa Patel and

answer the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims may be barred by waiver and/or estoppel.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of qualified

immunity.

FOURTH DEFENSE

Some or all of Plaintiff's state law claims are barred by the doctrines of sovereign and official immunity.

FIFTH DEFENSE

Defendants show that any injuries and/or damages alleged by Plaintiff were a result of the Plaintiff's own negligence, or of the Plaintiff's own acts, or failure to act to take ordinary care, and as a result thereof, Plaintiff is not entitled to recovery in this action.

SIXTH DEFENSE

To the extent that Plaintiff seeks punitive damages, such damages are barred or limited in accordance with federal and/or state law.  Moreover, the alleged acts and omissions of Defendants fail to rise to the level required to sustain an award of punitive damages and, in any event, do not approach wanton or willful misconduct.

SEVENTH DEFENSE

Defendants deny Plaintiff was subjected to the deprivation of any rights or privileges secured by the Constitution or by federal or state law.

EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred by prosecutorial immunity.

NINTH DEFENSE

Defendants respond as follows to the numbered paragraphs of the Complaint:

**JURISDICTION AND VENUE**

1.

Defendants admit that Plaintiff brought this action under the statutes cited and that venue is proper before this Court. Defendants deny all other averments of paragraph 1.

**PARTIES AND SERVICE**

2.

Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's residence. Defendants deny the remaining averments of paragraph 2.

3.

Defendants admit that Cobb County is a political subdivision of the State of Georgia, is subject to the jurisdiction and venue of this Court and has properly

waived service of summons in this action.  Defendants deny all other averments of paragraph 3.

4.

Defendants admit that Dipa Patel is a law enforcement officer employed by Cobb County and that she acted under the color of law while in the course of her employment with Cobb County.  Defendants further admit she is sued in her individual capacity and has properly waived service of summons in this action. Defendants deny all other averments of paragraph 4.

5.

Defendants admit that Brian Scurr is a law enforcement officer employed by Cobb County and that he acted under the color of law while in the course of his employment with Cobb County.  Defendants further admit he is sued in his individual capacity and has properly waived service of summons in this action. Defendants deny all other averments of paragraph 5.

## **FACTUAL ALLEGATIONS**

6.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 6.

7.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 7.

8.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 8.

9.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 9.

10.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 10.

11.

Defendants admit they were talking to a white male at said location. Defendants deny all other averments of paragraph 11.

12.

Defendants deny paragraph 12.

13.

Defendants admit that Plaintiff was on a bicycle when she shouted, "Fuck the police! Cobb police suck!" and raised her middle finger while continuing to ride.  Defendants deny all other averments of paragraph 13.

14.

Defendants deny paragraph 14.

15.

Defendants admit there is a patrol car video with audio which captures a portion of the events.  The video speaks for itself.  Defendants deny all other averments of paragraph 15.

16.

Defendants admit there is a patrol car video with audio which captures a portion of the events.  The video speaks for itself.  Defendants deny all other averments of paragraph 16.

17.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 17.

18.

Defendants deny paragraph 18.

19.

Defendants deny paragraph 19.

20.

Defendants admit Plaintiff continued to ride the bicycle in the direction referenced.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 20.

21.

Defendants admit paragraph 21.

22.

Defendants admit Plaintiff was arrested.  The arrest warrant speaks for itself. Defendants deny all other averments of paragraph 22.

23.

Defendants admit they were aware of the criminal statute.  Defendants deny all other averments of paragraph 23.

24.

Defendants admit that Plaintiff was arrested and that Plaintiff objected to being arrested.  To the extent the patrol car video captured this event, the video speaks for itself.  Defendants deny any other averments of paragraph 24.

25.

Defendants admit that Officer Scurr arrested Plaintiff.  The referenced police incident report speaks for itself.  Defendants deny any other averments to paragraph 25.

26.

To the extent the patrol car video captured this event, the video speaks for itself.  Defendants deny any other averments of paragraph 26.

27.

Defendants admit that Plaintiff was searched after being arrested.  To the extent the patrol car video captured this event, the video speaks for itself. Defendants deny any other averments of paragraph 27.

28.

Defendants admit paragraph 28.

29.

Defendants admit they encountered Mr. Galczynski in an effort to leave Plaintiff's bicycle at the identified house.  To the extent the patrol car video captured this event, the video speaks for itself.  Defendants deny any other averments of paragraph 29.

30.

Defendants admit Plaintiff was transported to the Adult Detention Center by Officer Scurr.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 30.

31.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 31.

32.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 32.

33.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 33.

34.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 34.

35.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 35.

36.

Defendants admit that Plaintiff was released from the Adult Detention Center.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the other averments of paragraph 36.

37.

Defendants deny paragraph 37.

38.

Defendants deny paragraph 38.

39.

Plaintiff's Complaint skips paragraph number 39.  Paragraph 39 stands denied by Defendants.

40.

Defendants deny paragraph 40.

41.

Defendants deny paragraph 41.

42.

The cited case law, and its application to the incident facts, speaks for itself. Defendants deny any other averment of paragraph 42.

43.

Defendants deny paragraph 43.

44.

Defendants deny paragraph 44.

45.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 45.

46.

Defendants deny paragraph 46.

47.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 47.

48.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 48.

49.

Defendants deny the alleged unconstitutionality of the referenced charges. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph 49.

50.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 50.

51.

Plaintiff's referenced letter of February 21, 2013 speaks for itself. Defendants admit that Plaintiff was prosecuted.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph 51.

52.

Defendants admit that Plaintiff was prosecuted.  Defendants deny the alleged unconstitutionality of the referenced charges.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph 52.

53.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 53.

54.

Defendants admit that Judge Clayton issued an Order in the criminal case. Judge Clayton's order speaks for itself.  Defendants deny all other averments of paragraph 54.

55.

Defendants admit paragraph 55.

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF THE FIRST AMENDMENT PURSUANT TO

## 42 U.S.C. § 1983 (Statute is unconstitutional as-applied to Ms. Barnes)

56.

Defendants reassert their responses to the foregoing paragraphs above as if again fully set forth.

57.

The cited criminal statute speaks for itself.  Defendants deny all other averments of paragraph 57.

58.

Defendants deny paragraph 58.

59.

The cited law, and its application to the current incident, speaks for itself. Defendants deny all other averments of paragraph 59.

60.

Defendants deny paragraph 60.

61.

Defendants deny paragraph 61.

62.

Defendants deny paragraph 62.

## COUNT TWO

## VIOLATION OF THE FIRST AMENDMENT PURSUANT TO

## 42 U.S.C. § 1983 (Retaliation)

63.

Defendants reassert their responses to the foregoing paragraphs above as if again fully set forth.

64.

Defendants deny paragraph 64.

65.

Defendants deny paragraph 65.

-14-

66.

Defendants deny paragraph 66.

67.

Defendants deny paragraph 67.

68.

Defendants deny paragraph 68.

69.

Defendants deny paragraph 69.

## **COUNT THREE**

## **VIOLATION OF THE FOURTH AMENDMENT PURSUANT TO**

## **42 U.S.C. § 1983**

70.

Defendants reassert their responses to the foregoing paragraphs above as if again fully set forth.

71.

Defendants deny paragraph 71.

72.

Defendants deny paragraph 72.

73.

Defendants deny paragraph 73.

74.

Defendants deny paragraph 74.

75.

Defendants deny paragraph 75.

76.

Defendants deny paragraph 76.

## **COUNT FOUR**

## **FALSE IMPRISONMENT**

77.

Defendants reassert their responses to the foregoing paragraphs above as if

again fully set forth.

78.

Defendants deny paragraph 78.

79.

Defendants deny paragraph 79.

80.

Defendants deny paragraph 80.

## COUNT SIX

## FALSE ARREST

81.

Defendants reassert their responses to the foregoing paragraphs above as if again fully set forth.

82.

Defendants deny paragraph 82.

83.

Defendants deny paragraph 83.

84.

Defendants deny paragraph 84.

## COUNT SEVEN

## MALICIOUS PROSECUTION

85.

Defendants reassert their responses to the foregoing paragraphs above as if again fully set forth.

86.

Defendants admit the referenced accusation is valid.  Defendants deny they have any control or authority over an independently elected prosecutor. Defendants deny all other averments of paragraph 86.

87.

Defendants deny they have any control or authority over an independently elected prosecutor.  Defendants deny paragraph 87.

88.

Defendants deny paragraph 88.

89.

Defendants deny they have any control or authority over an independently elected prosecutor.  Defendants deny paragraph 89.

90.

Defendants admit paragraph 90.

91.

Defendants deny paragraph 91.

92.

All averments of the claim not specifically referred to herein are denied.

93.

Defendants deny that Plaintiff is entitled to any of the relief she seeks.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on issues triable by jury.

WHEREFORE, Defendants demand that the Complaint be dismissed, judgment be entered in Defendants' favor, all costs be cast upon Plaintiff, and that Defendants have such other and further relief as the Court deems appropriate.

## CERTIFICATE OF TYPE STYLE

This document was prepared using Times New Roman 14 point font.

This 30th day of May, 2014.

> COBB COUNTY ATTORNEY'S OFFICE
> Attorneys for Defendants
>
> By:/s/H. William Rowling, Jr.
> H. WILLIAM ROWLING, JR.
> Deputy County Attorney
> State Bar No.  617225
> DEBORAH L. DANCE
> County Attorney
> State Bar No.  203765

100 Cherokee Street, Suite 350
Marietta, GA  30090
770-528-4000 (phone)
770-528-4010 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMY BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION |
| | * | FILE NO. 1:14-cv-00948-TWT |
| COBB COUNTY, GEORGIA, | * | |
| OFFICERS BRIAN SCURR, and | * | |
| DIPA PATEL, in their individual | * | |
| capacity, | * | |
| | * | |
| Defendantss. | * | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the Answer with the

Clerk of Court using the CM/ECF system which will automatically send e-mail

notification of such filing to the following attorneys of record:

Cynthia L. Counts                    Gerald Weber
Counts Law Group                  Law Offices of Gerry  Weber, LLC
400 Colony Square, Suite 200   PO Box 5391
Atlanta, GA 30361                   Atlanta, GA 31107

This the 30th day of May, 2014.

By:/s/H. William Rowling, Jr.
H. WILLIAM ROWLING, JR.
Deputy County Attorney
State Bar No.  617225
Attorney for Defendants

100 Cherokee Street, Suite 350
Marietta, GA  30090
770-528-4000 (phone)