IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMY BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO.: |
| ) | 1:14-cv-00948-TWT |
| COBB COUNTY, GEORGIA, ) | |
| OFFICERS BRIAN SCURR, and ) | |
| DIPA PATEL, in their individual capacity, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## PLAINTIFF'S INITIAL AND EXPERT DISCLOSURES

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case, including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

This action is brought pursuant to 42 U.S.C. § 1983 to challenge the constitutionality of Plaintiff's arrest and prosecution under O.C.G.A. § 16-11-39 and Cobb County Ord. 86-2(g) for raising her middle finger at Officers Scurr and Patel and shouting "Fuck the police! Cobb Police suck!" while riding her bicycle past the officers. Plaintiff contends that: (1) application of the ordinance and statute to her speech violated the First Amendment, (2) Defendants knew or reasonably should have known the ordinance and statute, as applied to Plaintiff's speech, was

1

unconstitutional, (3) Defendants unlawfully retaliated against Plaintiff for her speech, and (4) Defendants committed an unlawful seizure of her person, false imprisonment, false arrest, and malicious prosecution when they arrested and prosecuted her for allegedly violating the ordinance and statute.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

42 U.S.C. § 1983; the First and Fourth Amendments of the United States Constitution; O.C.G.A. § 16-11-39; Cobb County Ord. 86-2(g); O.C.GA. § 16-5-41; O.C.GA. § 51-7-1; O.C.GA. § 51-7-44; Cohen v. California, 403 U.S. 15, 26 (1971) (holding that punishment of an individual for wearing a jacket stating "Fuck the Draft" was an unconstitutional restriction of free expression); Monell v. Dept. of Soc. Serv., 436 U.S. 658 (1978) (explaining that a government entity may be held liable under § 1983 "when execution of a government's policy or custom can be said to inflict constitutional injury"); Woodward v. Gray, 241 Ga. App. 847 (2000) (finding no probable cause to arrest a § 1983 female plaintiff for disorderly conduct when, standing only eight feet away from a police officer, she protested the arrest of her brother by "yell[ing] loudly in front of a crowd" that "she didn't have to go any fucking where;" "you can't tell me what to do. This is public property. I pay your fucking salary. You don't have to, and the hell with you"

because "[t]here existed no provocation in plaintiff's conduct that would breach the peace; she did not seek to incite family and neighbors against the police"); City of Macon v. Smith, 244 Ga. 157 (1979) (holding unconstitutional the application of disorderly conduct statute to female plaintiff for shooting a bird at the doorman of a hotel lobby walking out of the hotel after being asked to leave due to improper clothing because "the record does not indicate that her conduct was sufficiently belligerent to incite an immediate breach of the peace"); Sandul v. Larion, 119 F.3d 1250 (C.A.6 1997) (finding that the plaintiff's actions of raising his middle finger and yelling "fuck you" out a car window "as it passed by" a police officer did not create probable cause to arrest him for disorderly conduct and that the case law "should leave little doubt in the mind of the reasonable officer that the mere words and gesture 'f–k you' are constitutionally protected speech").

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A).**

A list of such individuals is attached as Exhibit A.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B).**

At this point, no experts have been identified or retained.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your, possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C).**

A list of such documents is attached as Exhibit C.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D).**

Plaintiff seeks economic, compensatory, general, special, and punitive

damages in an amount to be determined by the jury. Additionally, Plaintiff seeks

reasonable attorney's fees, expenses, and costs of litigation.

**(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E).**

Plaintiff is unaware of any such insurance agreement.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

Plaintiff is unaware of any persons or legal entities with a subrogation interest.

Respectfully submitted this 16th day of July, 2014.

    /s Cynthia L. Counts\_\_\_
Cynthia L. Counts
Georgia Bar No. 190280

The Counts Law Group
400 Colony Square, Suite 200
1201 Peachtree Street NE
Atlanta, Georgia  30361
Phone:  (404) 550-6233
Fax:     (404) 521-4013
email:  ccounts@lawcounts.com

    /s Gerald Weber_____
Gerald Weber
Georgia Bar No. 744878

Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107
Telephone: (404) 522-0507
Email: wgerryweber@gmail.com

## Local Rule 7.1(D) Certificate

This is to certify that the foregoing **PLAINTIFF'S INTIAL AND EXPERT DISCLOSURES** has been prepared with one of the font and point selections approved by the Court in LR 5.1B: Times New Roman, 14 point.

/s Cynthia L. Counts
Cynthia L. Counts

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMY BARNES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COBB COUNTY, GEORGIA, )<br>OFFICERS BRIAN SCURR, and )<br>DIPA PATEL, in their individual capacity, )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION FILE NO.:<br>1:14-cv-00948-TWT |

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed **PLAINTIFF'S INITIAL AND EXPERT DISCLOSURES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

H. William Rowling, Jr.
Deborah L. Dance
100 Cherokee Street, Suite 350
Marietta, GA 30090

Respectfully submitted this 15th day of July, 2014.

s/ Cynthia L. Counts\_\_\_
Cynthia L. Counts
Georgia Bar No. 190280

7

Counts Law Group
400 Colony Square, Suite 200
1201 Peachtree Street NE
Atlanta, Georgia  30361
Phone:  (404) 550-6233
Fax:     (404) 521-4013
email:  ccounts@lawcounts.com